**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| COACH, INC. and COACH SERVICES, INC. | ) ) ) | Case No. 1:12-cv-8963 |
| Plaintiffs, | ) ) | **Judge Elaine E. Bucklo** |
| v. | ) ) | **Magistrate Judge Michael T. Mason** |
| LIN FENG, et al., | ) ) | |
| Defendants. | ) ) ) | |

**ORDER**

This action having been commenced by Plaintiffs Coach, Inc. and Coach Services, Inc. (together, "Coach") against the Defendants identified in Schedule A to the First Amended Complaint and using the Defendant Domain Names and Online Marketplace Accounts;

This Court having entered upon a showing by Coach, a temporary restraining order and preliminary injunction against Defendants which included a domain name transfer order and asset restraining order;

Coach having properly completed service of process on Defendants; the combination of providing notice via electronic publication and email, along with any notice that Defendants received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and affording them the opportunity to present their objections; and

1

None of the Defendants having answered the First Amended Complaint or appeared in any way, and the time for answering the First Amended Complaint having expired;

THIS COURT HEREBY FINDS that Defendants are liable for federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), cyberpiracy (15 U.S.C. § 1125(d)) and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, et seq.).

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED in its entirety, that Defendants are deemed in default and that this Final Judgment is entered against Defendants.

IT IS FURTHER ORDERED that:

1. Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

   a. using Coach's COACH Trademarks or any reproduction, counterfeit copy or colorable imitation thereof in any manner in connection with the distribution, advertising, offering for sale, or sale of any product that is not a genuine Coach product or not authorized by Coach to be sold in connection with Coach's COACH Trademarks;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Coach product or any other product produced by Coach, that is not Coach's or not produced under the authorization, control or supervision of Coach and approved by Coach for sale under Coach's COACH Trademarks;

c.  committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Coach, or are sponsored or approved by, or connected with Coach;

d.  further infringing Coach's COACH Trademarks and damaging Coach's goodwill;

e.  otherwise competing unfairly with Coach in any manner;

f.  shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Coach, nor authorized by Coach to be sold or offered for sale, and which bear Coach's COACH Trademarks or any reproduction, counterfeit copy or colorable imitation thereof;

g.  using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Domain Names or any other domain name that is being used to sell counterfeit Coach products; and

h.  operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, advertising, offering for sale, or sale of any product that is not a genuine Coach product or not authorized by Coach to be sold in connection with Coach's COACH Trademarks.

2.  The domain name registries for the Defendant Domain Names, namely VeriSign, Inc., Neustar, Inc., Afilias Limited and the Public Interest Registry, within five (5) business days of receipt of this Order, shall unlock and change the registrar of record for the Defendant Domain Names to a registrar of Coach's selection, and the domain name

registrars shall take any steps necessary to transfer the Defendant Domain Names to a registrar of Coach's selection.

3. Those in privity with Defendants and with notice of the injunction, including any Internet search engines, web hosts, domain-name registrars and domain name registries that are provided with notice of the injunction, shall cease facilitating access to any and all websites through which Defendants engage in the sale of counterfeit and infringing goods using the COACH Trademarks.

4. Pursuant to 15 U.S.C. § 1117(c)(2), Coach is awarded statutory damages from each of the Defendants in the amount of five hundred thousand dollars ($500,000) for willful use of counterfeit COACH Trademarks on products sold through at least the Defendant Domain Names for a total award in the amount of fifty million dollars ($50,000,000);

5. All monies currently restrained in Defendants' financial accounts, including monies held by PayPal, Inc. ("PayPal"), are hereby released to Coach as partial payment of the above-identified damages, and PayPal is ordered to release to Coach the amounts from Defendants' PayPal accounts within ten (10) business days of receipt of this Order.

6. Until Coach has recovered full payment of monies owed to it by any Defendant, Coach shall have the ongoing authority to serve this Order on any banks, savings and loan associations, or other financial institutions including, without limitation, PayPal, (collectively, the "Financial Service Providers") in the event that any new financial accounts controlled or operated by Defendants are identified. Upon receipt of this Order, the Financial Service Providers shall immediately locate and restrain any newly discovered accounts connected to Defendants or Defendants' websites, and any funds in

such accounts shall be transferred to Coach within ten (10) business days of receipt of this Order.

7.     In the event that Coach identifies any additional domain names owned by Defendants and linking to websites selling counterfeit Coach products, Coach may send notice of any contempt proceeding to Defendants by email at the email addresses identified in Schedule A to the First Amended Complaint.

8.     The ten thousand dollar ($10,000) bond including any interest minus the registry fee is hereby released to Greer Burns & Crain IOLTA account.

This is a Final Judgment.

DATED: January 7, 2013

_Elaine E. Bucklo_

U.S. District Court Judge Elaine E. Bucklo